UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN FRANK DENNIS ARNOLD,<br>Plaintiff,<br>v.<br>WEST COUNTY DETENTION FACILITY MEDICAL,<br>Defendant. | Case No. 24-cv-09358-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Ryan Frank Dennis Arnold alleges that his Eighth Amendment rights were violated when unnamed medical staff put his private address on his medications, thereby allowing any inmate to know his address. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Arnold's allegations fail to state a plausible claim for relief. He has not alleged any facts showing deliberate indifference to his safety and his allegations of possible harm to him and his family are entirely speculative. Accordingly, this federal civil rights action is DISMISSED for failure to state a claim for relief.

Arnold's application to proceed in forma pauperis is DENIED because he did not sign the application form. (Dkt. No. 2.)

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2  upon which relief may be granted or seek monetary relief from a defendant who is immune
3  from such relief. *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5  A "complaint must contain sufficient factual matter, accepted as true, to 'state a
6  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
7  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
8  plausibility when the plaintiff pleads factual content that allows the court to draw the
9  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting
10 *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
11 conclusions cast in the form of factual allegations if those conclusions cannot reasonably
12 be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
13 (9th Cir. 1994).

14 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
15 elements:  (1) that a right secured by the Constitution or laws of the United States was
16 violated, and (2) that the alleged violation was committed by a person acting under the
17 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

18 **B.     Legal Claims**

19 Arnold alleges that unnamed medical staff at the West County Detention Facility
20 placed him in danger in August 2024 by including the address of his residence on his
21 medications.  (Compl., Dkt. No. 1 at 2-3.)  He believes that any inmate could have
22 searched his belongings and found his address — particularly when his personal property
23 was left behind for a time during his transfer to a mental health module — and that this
24 created the possibility that his family might be in danger.  (*Id.*)

25 Arnold has not stated a plausible claim for relief.  Medical staff printed his address
26 likely because it was the one on file.  There was no intention of placing him or his family
27 in danger.  At worst, such actions constitute negligence, which is not actionable under
28 section 1983.  *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994) (neither negligence

nor gross negligence is actionable under section 1983 in the prison context). Such actions certainly fall short of constituting deliberate indifference under the Eighth Amendment, which requires a state of mind akin to criminal recklessness. *Id.* at 837 (a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.) Furthermore, Arnold could have removed or scratched out the address right away to prevent exposure of the information. His allegations that someone might have seen the address and might harm his family is entirely speculative. In sum, Arnold has not alleged facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## MOTION TO PROCEED IN FORMA PAUPERIS

Arnold's application to proceed in forma pauperis (IFP) is DENIED because he did not sign the IFP application. (Dkt. No. 2.) Without a signature on the form, the Court is not authorized to withdraw funds from his account. If Arnold wishes to proceed IFP he must file a signed IFP form. A copy of the form will be sent to him.

## CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall terminate all pending motions, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 1, 2025

WILLIAM H. ORRICK
United States District Judge